FOREST H. GRANT, BY JUDSON M. GRANT, NEXT FRIEND

*vs.*

GEORGE M. DOLLEY.

JUDSON M. GRANT *vs*. GEORGE M. DOLLEY.

ANNIE L. MUNCY *vs*. GEORGE M. DOLLEY.

FLORENCE M. GRANT *vs*. GEORGE M. DOLLEY.

Penobscot County.    Decided November 8, 1932.    The plaintiff, Judson M. Grant, was the owner and driver of an automobile which was in a collision with a car owned and driven by the defendant. The plaintiffs, Forest H. Grant, Florence M. Grant and Annie L. Muncy, were passengers in the Grant car. The four actions were tried together and verdicts rendered for the plaintiffs in the following amounts: for Forest H. Grant $495, for Judson M. Grant $2,824.33, for Florence M. Grant $3,510.41, for Annie L. Muncy $1,503.50. The cases are before us on the defendant's general motions for new trials and on an exception to the exclusion of the testimony of one Roland E. Lancaster as to the value before the accident of the plaintiff's automobile. The testimony was excluded on the ground that the witness had not been properly qualified as an

expert. This exception was not argued by the defendant and must be overruled. The ruling was one within the discretionary power of the presiding Justice and there appears no abuse of such discretion.

The plaintiff, Judson M. Grant, was driving his car in a southerly direction over the state highway in the town of Hampden. The defendant was driving his car northerly over the same road. It was daylight, the road was dry, straight, and free from traffic, the vision unobstructed. It is admitted that the collision took place on the plaintiff's side of the road. The defendant claims that the plaintiff just prior to the collision had been driving on the wrong side of the road and continued there till the defendant in the face of what appeared to be a certain collision turned his car to the left. He is corroborated in part by the two passengers who were riding with him. The plaintiff, Judson M. Grant, testified that while he was driving on his own side of the road, the defendant suddenly veered over and collided with him. He is corroborated by Mrs. Muncy who testifies that the plaintiff's car kept to its own side of the highway. Tracks in the highway show that the defendant's car swerved suddenly to the left just prior to the collision. Such circumstantial evidence is not inconsistent with the story that the plaintiffs give of the accident.

The evidence was conflicting and the issue peculiarly one within the province of the jury.

We have examined the testimony relating to the damages with care and are unable to say that the jury erred in the amount awarded in any case. Motions overruled. Exception overruled. *A. C. Blanchard, B. W. Blanchard,* for plaintiffs. *George F. Eaton,* for defendant.